JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Sanaz Derakhshani Jan, | | CASE NUMBER |
| | PLAINTIFF(S) | 8:26-cv-00903-MCS |
| v. | | |
| United States of America et al., | | **ORDER ON REQUEST TO PROCEED** *IN FORMA PAUPERIS* **(NON-PRISONER CASE)** |
| | DEFENDANT(S) | |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.    ☒ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

    ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.

    ☒ The action is frivolous or malicious.

    ☒ The action fails to state a claim upon which relief may be granted.

    ☒ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| April 22, 2026 | Mark C. Scarsi |
| Date | United States District Judge |

Plaintiff Sanaz Derakhshani Jan brings this civil action against the United States of America and over 600 other defendants, who count among their number the President of the United States, the State of Hawaii, Warren Buffett, the International Olympic Committee, Planet Fitness, and several judges of this Court. Plaintiff asserts the hundreds of individuals, organizations, and governments named as parties are involved in a grand conspiracy of crimes and corruption, but Plaintiff intentionally omitted any description of the facts that might support such a serious charge "for Plaintiff's safety and security."

Federal courts must conduct a preliminary screening of any case in which a plaintiff seeks to proceed in forma pauperis, 28 U.S.C. § 1915(a)(1), (e)(2)(B). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The complaint fails to comply with Rule 8(a), which requires a complaint to contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (ellipsis in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Rule 8(a) ensures that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Rule 8 may be violated when a pleading "says too little," or "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013). A complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058–59 (9th Cir. 2011) (citing cases upholding dismissals for these reasons).

Here, Plaintiff says far too little. Plaintiff does not describe any of the facts supporting any of the claims. As another judge of this district opined not even a month ago in response to another of Plaintiff's civil cases naming hundreds of defendants, "it is insufficient to, as Plaintiff does, lump hundreds of defendants together in a conclusory manner and fail to allege any facts." Order Dismissing Compl., Jan v. County of Orange, No. 8:26-cv-00072-SVW-JDE (C.D. Cal. Mar. 31, 2026), ECF No. 68.

What little the Court can discern from the pleading—that there is a vast conspiracy of crime and corruption involving a seemingly random web of people, organizations, and governments—is patently frivolous. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Such is the case here. The complaint is devoid of rational, credible factual content.

The Court dismisses the complaint without leave to amend. Because the complaint is so preposterous that the Court is not confident in its jurisdiction, the dismissal is without prejudice. All pending motions and requests are denied.

*(attach additional pages if necessary)*