SANAZ DERAKHSHANI JAN
COMPLEXCOMPLAIN2@GMAIL.COM
P.O. BOX 363, TRABUCO CANYON, CA 92678
818-913-9338
IN PRO PER



FILED
CLERK, U.S. DISTRICT COURT
May 13, 2026
CENTRAL DISTRICT OF CALIFORNIA
BY    pd    DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**Plaintiff:**

SANAZ DERAKHSHANI JAN

vs.

**Defendants:**

UNITED STATES OF AMERICA
GOVERNMENT;

DONALD JOHN TRUMP, in his official and individual capacity as the President of the United States;

JAMES DAVID VANCE, in his official and individual capacity as the Vice President of the United States;

MELANIA TRUMP, in her official and individual capacity as First Lady of the United States;

KAROLINE CLAIRE LEAVITT, in her official and individual capacity as White House Press Secretary;

LARA LEA TRUMP (YUNASKA), in her official and individual capacity as an American Politician;

ERIC TRUMP, in his official and individual capacity as Donald Trump's son;

**Case No.: 8:26-cv-00903-MCS**

**OBJECTION TO THE COURT'S**

**DISMISSAL ORDER**

PAMELA JO BONDI, in her official and individual capacity as the U.S. Attorney General;

MERRICK BRIAN GARLAND, in his official and individual capacity as a former U.S. Attorney and head of the Department of Justice;

KASHYAP PRAMOD PATEL, in his official and individual capacity as the Director of the Federal Bureau of Investigation, FBI;

KAMALA DEVI HARRIS, in her official and individual capacity as an Attorney and former Vice President of the United States;

JOSEPH ROBINETTE BIDEN, JR, in his official and individual capacity as the President of the United States;

GAVIN CHRISTOPHER NEWSOM, in his official and individual capacity as the Governor of California;

ARNOLD ALOIS SCHWARZENEGGER, in his official and individual capacity as Actor and former Governor of California;

KRISTEN CLARKE, in her official and individual capacity as a former Assistant Attorney General for Civil Rights at the U.S. Department of Justice;

ROBERT ANDRES BONTA, in his official and individual capacity as the Attorney General of California;

ADAM BENNETT SCHIFF, in his official and individual capacity as a United States Senator;

ALEJANDRO "ALEX" PADILLA, in his official and individual capacity as a United States Senator;

OBJECTION TO THE COURT'S DISMISSAL ORDER

BILAL ALI ESSAYLI, in his official and individual capacity as First Assistant of U.S. Attorney for the Central District of California;

BILL ESSAYLI, in his official and individual capacity as First Assistant of U.S. Attorney for the Central District of California;

ESSAYLI & BROWN, LLP;

TODD BLANCHE, in his official and individual capacity as Deputy Attorney General;

DAVID M. HARRIS, in his official and individual capacity as Assistant United States Attorney, Chief, Civil Division;

DANIEL A. BECK, in his official and individual capacity as Assistant United States Attorney, Chief, Complex and Defensive Litigation Section;

JOSEPH Manuel BRIONES (Cal. Bar No. 303190), in his official and individual capacity as Assistant United States Attorney;

KEVIN RICHARD KISH, in his official and individual capacity as director of the Civil Department of Fair Employment and Housing;

JAMES BRIEN COMEY Jr., in his official and individual capacity as former director of the FBI;

CHRISTOPHER ASHER WRAY, in his official and individual capacity as director of the FBI;

ALEJANDRO NICHOLAS MAYORKAS, in his official and individual capacity as former U.S. Secretary of Homeland Security;

OBJECTION TO THE COURT'S DISMISSAL ORDER

UR MENDOZA JADDOU, in her official and individual capacity as former Director of U.S. Citizenship and Immigration Services (USCIS);

JOSEPH BENJAMIN EDLOW, in his official and individual capacity as Director of U.S. Citizenship and Immigration Services (USCIS);

KRISTI LYNN ARNOLD NOEM, in her official and individual capacity as the U.S. Secretary of Homeland Security;

RONALD L. DAVIS, in his official and individual capacity as Former Director of the U.S. Marshals Service;

GADYACES S. SERRALTA, in his official and individual capacity as Director of the U.S. Marshals Service;

DIANE B. DIXON, in her official and individual capacity as a member of the CA State Assembly;

GREG WALLIS, in his official and individual capacity as a member of the CA State Assembly;

CECILIA AGUIAR-CURRY, in her official and individual capacity as CA Assembly leader;

ROBERT GARCIA, in his official and individual capacity as CA Assembly Assistant leader;

ROBERT RIVAS, in his official and individual capacity as CA Assembly Speaker;

MATTHEW ZANDI, in his official and individual capacity as a former CA Orange County District Attorney deputy, current Chief of Staff and Senior Counsel to the U.S.

OBJECTION TO THE COURT'S DISMISSAL ORDER

DOJ Civil Rights Division, and Current official Government employee position;

JAMES FLORY HODGKINS, in his official and individual capacity as commissioner;

JOHN MICHAEL TOMBERLIN, in his official and individual capacity as judge;

KIRA LEE KLATCHKO, in her official and individual capacity as judge;

MANUEL BUSTAMANTE, in his official and individual capacity as a judge;

MICHAEL C. MARTIN, in his official and individual capacity as judge;

JUDITH C. CLARK, in her official and individual capacity as former CA Riverside County Presiding Judge;

JACQUELIN C. JACKSON, in her official and individual capacity as CA Riverside County Presiding Judge;

MARIE E. WOOD, in his official and individual capacity as Judge;

MATTHEW PERANTONI, in his official and individual capacity as Judge;

MARK E. SINGERTON, in his official and individual capacity as Judge;

KIM CHUNK, in her official and individual capacity as former CA Palm Springs Courthouse supervisor;

Current California Superior Court Palm Springs Courthouse supervisor;

California Superior Palm Springs Courthouse executive officers/clerk;

OBJECTION TO THE COURT'S DISMISSAL ORDER

MARIA D. HERNANDEZ, in her official and individual capacity as former Presiding Judge of the Orange County Superior Court;

SHEILA F. HANSON, in her official and individual capacity as the Presiding Judge of the Superior Court of Orange County, California;

DOLLY M. GEE, in her official and individual capacity as a Judge;

DOUGLAS F. MCCORMICK, in his official and individual capacity as Judge of the Central District Court of California;

STANLEY BLUMENFELD, JR, in his official and individual capacity as a Judge;

STEVE KIM, in his official and individual capacity as a Judge;

JOANNE MOTOIKE, in his official and individual capacity as a Judge;

THOMAS A. DELANEY, in his official and individual capacity as a Judge;

NATHAN SCOTT, in his official and individual capacity as a Judge;

CHERI THI PHAM, in her official and individual capacity as a Judge;

MICHAEL EDWARD PEREZ, in his official and individual capacity as a Judge;

JULIE A. PALAFOX, in her official and individual capacity as a Judge;

COREY S. CRAMIN, in his official and individual capacity as a Judge;

ANDRE MANSSOURIAN, in his official and individual capacity as a Judge;

OBJECTION TO THE COURT'S DISMISSAL ORDER

JULIANNE S. BANCROFT, in her official and individual capacity as a Judge;

SHAINA H. COLOVER, in her official and individual capacity as a Judge;

DAVID J. HESSELTINE, in his official and individual capacity as a Judge;

JONATHAN FISH, in his official and individual capacity as a Judge;

DONALD F. GAFFNEY, in his official and individual capacity as a Judge;

DEBORAH C. SERVINO, in her official and individual capacity as a Judge;

ERICK L. LARSH, in his official and individual capacity as a Judge;

CRAIG GRIFFIN, in his official and individual capacity as a Judge;

SHAWN NELSON, in his official and individual capacity as a Judge;

MICHAEL J. STRICKROTH, in his official and individual capacity as a Judge;

THOMAS S. MCCONVILLE, in his official and individual capacity as a Judge;

ERIC J. WERSCHING, in his official and individual capacity as a Judge;

STEPHEN TODD HICKLIN, in his official and individual capacity as Judge of the Superior Court of California, County of Orange;

LAWRENCE P. RIFF, in his official and individual capacity as Supervising Judge of Civil Courts in the Los Angeles Superior Court, Stanley Mosk Courthouse;

OBJECTION TO THE COURT'S DISMISSAL ORDER

OTIS D. WRIGHT, II, in his official and individual capacity as Judge of the Central District Court of California;

STEPHEN V. WILSON, in his official and individual capacity as Judge of the Central District Court of California;

JOHN W. HOLCOMB, in his official and individual capacity as Judge of the Central District Court of California;

JOHN D. EARLY, in his official and individual capacity as Magistrate Judge of the Central District Court of California;

JAMES V. SELNA, in his official and individual capacity as Judge of the Central District Court of California;

MONICA RAMIREZ ALMADANI, in her official and individual capacity as Judge of the Central District Court of California;

FRED W. SLAUGHTER, in his official and individual capacity as Judge of the Central District Court of California;

DAVID O. CARTER, in his official and individual capacity as Judge of the Central District Court of California;

RICHARD AUGUSTINE, in his official and individual capacity as CA, Orange County Superior Court, Central Justice Center, Clerk's Office supervisor;

JOSE MORALES, in his official and individual capacity as CA, Orange County Superior Court, Central Justice Center, Clerk's Office employee;

BRADLEY LOPEZ, in his official and individual capacity as the California Superior Executive Office Receptionist;

OBJECTION TO THE COURT'S DISMISSAL ORDER

CA Riverside County District Attorney;

CA Riverside County FBI;

COLIN D. KIRKPATRICK, in his official and individual capacity as City Attorney of Rancho Mirage;

STEVE DOWNS, in his official and individual capacity as the former City Mayor of Rancho Mirage;

LYNN MALLOTTO, in her official and individual capacity as City Mayor of Rancho Mirage;

KENNETH STANTON CALVERT, in his official and individual capacity as the CA Congressman;

RAUL RUIZ, in his official and individual capacity as the CA Congressman;

CA County of Riverside;

JOSE MEDINA, in his official and individual capacity as the Supervisor - First District, Board of Supervisors, County of Riverside, California;

KAREN SPIEGEL, in her official and individual capacity as the Supervisor - Second District, Board of Supervisors, County of Riverside, California;

CHUCK WASHINGTON, in his official and individual capacity as the Supervisor - Third District, Board of Supervisors, County of Riverside, California;

V. MANUEL PEREZ, in his official and individual capacity as the Supervisor - Fourth District, Board of Supervisors, County of Riverside, California;

OBJECTION TO THE COURT'S DISMISSAL ORDER

YXSTIAN GUTIERREZ, in his official and individual capacity as the Supervisor - Fifth District, Board of Supervisors, County of Riverside, California;

CA Riverside County District Attorney Real Estate Fraud Unit;

MICHAEL A. HESTRIN, in his official and individual capacity as CA Riverside District Attorney director;

ISRA SHAH, in an official capacity as CA Palm Desert City Attorney;

JAN HARNIK, in her official and individual capacity as former CA Palm Desert City Mayor;

EVAN TRUBEE, in his official and individual capacity as CA Palm Desert City Mayor;

KARINA QUINTANILLA, in her official and individual capacity as a Council Member;

JOE PRADETTO, in her official and individual capacity as a Council Member;

GINA NESTANDE, in her official and individual capacity as a Council Member;

CA Riverside Board of Supervisors;

MANUEL PEREZ, in his official and individual capacity as CA Riverside District 4 supervisor;

CHAD BIANCO, in his official and individual capacity as Sheriff-Coroner-Public Administrator of Riverside County, California;

OBJECTION TO THE COURT'S DISMISSAL ORDER

DONALD SHARP, in his official and individual capacity as Undersheriff of Riverside County, California;

DANCE S. DONALD SHARP, in his official and individual capacity as Undersheriff of Riverside County, California;

California Cathedral City Police Department;

LARRY V. GONZALEZ, in his official and individual capacity as Riverside Police Chief officer;

California Palm Springs Police Department;

DELOSS, in his official and individual capacity as supervisor at the CA Palm Desert Sheriff Department;

CIENEGA, in his official and individual capacity as Palm Desert Sheriff Deputy;

BURDEN, in his official and individual capacity as Palm Desert Sheriff Deputy;

REYNOLDS, in his official and individual capacity as Palm Desert Sheriff Deputy;

PRIETO, in his official and individual capacity as Palm Desert Sheriff Deputy;

JASON MCFEDDAN, in his official and individual capacity as Riverside supervisor sergeant, Lieutenant;

Palm Desert Oasis County Club;

The Mission Hills County Club;

The Management Trust Mission Hills County Club;

OBJECTION TO THE COURT'S DISMISSAL ORDER

Allied Universal Security Service, Palm Desert;

LINDA LEE HURD;

LINDA HURDA;

LINDA WALLANCE HURD;

LINDA BERGAN HURD;

LINDA HWID;

LINDA HURD;

PHIL SMITH;

CHAD WEST;

CREATIVE RECOVERY CONCEPTS, INC.;

ISAIAH VILLARREAL;

CHRISTOPHER CARDI;

PETER MCKERNAN;

THE MCKERNAN GROUP REALTY;

DANIEL STAMPS;

KEVIN VERT;

KEVIN JEFFREY VERT;

JOSHUA CHRISTOPHER VERT;

VISTA COMMUNITY CLINIC;

DEBORAH ELAINE VERT;

CHRISTINA MARIE VERT;

JENSON LYNNE;

LYNNE JENSON;

OBJECTION TO THE COURT'S DISMISSAL ORDER

PHILIP HOOD;

PAT HUFFMAN;

FRANCES W. GREENSPAN;

TORI THOMAS, in her official and individual capacity as MHRC Board President,

The Management Trust Mission Hills County Club HOA;

ROSEMARY, Allied Universal Security Service Mission Hills County Club Rancho Mirage, Manager;

CA Orange County District Attorney's real estate fraud unit;

WARREN BUFFETT, in his official and individual capacity as Chairperson of Berkshire Hathaway Inc.;

THE BERKSHIRE HATHAWAY HOMESERVICES;

HOMESERVICES OF AMERICA;

BERKSHIRE HATHAWAY ENERGY;

RONALD KERSHAW;

LISA M. ROGAN, in her official and individual capacity as San Bernardino Presiding Judge;

SAN BERNARDINO FIRE DEPARTMENT;

COUNTY OF SAN BERNARDINO;

SAN BERNARDINO DISTRICT ATTORNEY;

OBJECTION TO THE COURT'S DISMISSAL ORDER

SAN BERNARDINO SHERIFF DEPARTMENT;

SAN BERNARDINO POLICE DEPARTMENT;

TODD ALLAN SPITZER, in his official and individual capacity as CA Orange County District Attorney;

MICHEELLE AGUIRRE, in her official and individual capacity as the CA Orange County Executive Officer (CEO);

CA ORANGE COUNTY BOARD OF SUPERVISORS;

DONALD P. WAGNER, in his official and individual capacity as the CA Orange County Board of Supervisors;

JENNIFER WAIER, in her official and individual capacity as the Deputy Chief in the Orange County office of the U.S. Attorney's Office for the Central District of California;

Mark P. Takla, in his official and individual capacity as an Assistant United States Attorney (AUSA) based in Santa Ana, California;

MARK TAKLA #218111;

CA ORANGE COUNTY FBI;

CALIFORNIA ORANGE COUNTY, DEPARTMENT OF MOTOR VEHICLES, DMV;

 COUNTY OF ORANGE;

 CA ORANGE COUNTY SOCIAL SECURITY OFFICE;

OBJECTION TO THE COURT'S DISMISSAL ORDER

CA ORANGE COUNTY PARKS;

STACY BLACKWOOD, in her official and individual capacity as executive and director/ manager of the CA OC Parks government agency;

KEVIN MCKEOWN, in his official and individual capacity as supervisor of CA OC park rangers;

CA ORANGE COUNTY O'NEILL REGIONAL PARK;

CA LAKE FOREST CITY / EL TORO CITY U.S. POST OFFICE;

U.S. SOCIAL SECURITY OFFICE HEADQUARTERS;

DMV HEADQUARTERS;

JANET NGUYEN, in her official and individual capacity as the Supervisor - First District, Board of Supervisors, County of Orange, California;

VICENTE SARMIENTO, in his official and individual capacity as the Supervisor - Second District, Board of Supervisors, County of Orange, California;

DONALD P. WAGNER, in his official and individual capacity as the Supervisor - Third District, Board of Supervisors, County of Orange, California;

DOUG CHAFFEE, in his official and individual capacity as the Chairman - Fourth District, Board of Supervisors, County of Orange, California;

OBJECTION TO THE COURT'S DISMISSAL ORDER

KATRINA ANNE FOLEY, in her official and individual capacity as the Vice Chair - Fifth District, Board of Supervisors, County of Orange, California;

DIANE BROOKS DIXON, in her official and individual capacity as Member of the California State Assembly, 72nd State Assembly District;

ANDREW HOANG DO, in his official and individual capacity as a former OC Board of Supervisors member;

DONALD D. BARNES, in his official and individual capacity as Sheriff-Coroner of Orange County, California;

DON BARNES, in his official and individual capacity as Sheriff-Coroner of Orange County, California;

DONALD BARNES, in his official and individual capacity as Sheriff-Coroner of Orange County, California;

JEFF HALLOCK, in his official and individual capacity as Undersheriff of Orange County, California;

LAKE FOREST SHERIFF DEPARTMENT, SADDLEBACK SUBSTATION;

GOTTS, G # 8699, in his official and individual capacity as CA OC Sheriff Deputy;

HUYNH, V # 11071, in his official and individual capacity as CA OC Sheriff Deputy;

MUIR, T # 10371, in her official and individual capacity as CA OC Sheriff Deputy;

OBJECTION TO THE COURT'S DISMISSAL ORDER

JEFF CALLAHAN, in his official and individual capacity as CA Orange County Administrative Sergeant;

DAVID PULTZ, in his official and individual capacity as CA OC Lake Forest sheriff department Captain;

P. FORD, Badge #7796, in his official and individual capacity as Sheriff Baillif in the Lamoreaux Justice Center Dep L11;

CA OC Sheriff Deputy Zelaya # 9051;

SHAHLA ZANDI;

SHALA ZANDI;

TECI MAYO, in her official and individual capacity as Senior Regional Manager at Solari Enterprises, Inc.;

KNAKALIA RICHARD, in her official and individual capacity as former community manager at Arroyo at Baker Ranch;

Arash Moslehi;

Dr. HAMID ESKANDARI;

NGUYEN, in his official and individual capacity as CA Lake Forest / El Toro U.S. Post Office manager,

EBEN ELLERSTON, in his official and individual capacity as L+M Baker Ranch Workforce Holdings LLC manager;

GRAHAM ESPLEY-JONES, in his official and individual capacity as WCH Affordable IX, LLC president;

BEHTASH AHADI;

BEHTASH KHALIDA;

JOHN HUSKEY, in his official and individual capacity as Baker Ranch Affordable Housing LLC manager;

CARLOS VEGA, in his official and individual capacity as Former Assistant Manager of the Arroyo at Baker Ranch,

ARROYO AT BAKER RANCH APARTMENTS;

WILLIAM, BAKER RANCH AFFORDABLE LP AGENT,

EDITH JOHNSON, BAKER RANCH AFFORDABLE LP AGENT;

BRIANNA BROWN, BAKER RANCH AFFORDABLE LP AGENT;

AMC LLC, PROPERTY MANAGEMENT OF THE ARROYO AT BAKER RANCH;

AMC-CA INC., PROPERTY MANAGEMENT OF THE ARROYO AT BAKER RANCH;

BAKER RANCH AFFORDABLE HOUSING LP;

BAKER RANCH AFFORDABLE HOUSING LLC;

WESTERN COMMUNITY HOUSING INC.;

L+M FUND MANAGEMENT LLC;

L+M BAKER RANCH WORKFORCE HOLDINGS LLC;

L+M BAKER RANCH WORKFORCE MEMBER LLC, ITS SOLE MEMBER;

L+M WHF BAKER RANCH JV MEMBER LLC, ITS SOLE MEMBER;

L+M WORKFORCE FUND HALDO, LLC,
ITS SOLE MEMBER;

L+M WORKFORCE HOUSING FUND
REIT MANAGER, LLC, ITS MANAGER;

L+M WORKFORCE HOUSING FUND, LP,
ITS SOLE;

L+M WORKFORCE HOUSING FUND GP,
LLC, ITS GENERAL PARTNER;

L+M FUND MANAGEMENT LLC, ITS
MANAGER;

WCH AFFORDABLE IX, LLC;

SOLARI ENTERPRISES INC.;

META HOUSING CORPORATION;

RED STONE EQUITY PARTNERS LLC;

CRUMMACK HUSEBY PROPERTY
MANAGEMENT INC.;

FIRST SERVICE RESIDENTIAL
PROPERTY MANAGER, CALIFORNIA;

ZANDI AND ASSOCIATES, LLC;

SEA COUNTRY TOWING AND
RECOVERY, INC;

BLUEHOST INC.;

SACHIN PURI, in his official capacity as
CEO and director of BLUEHOST INC.;

 LEGALZOOM INC.;

EFF STIBEL, in his official and individual
capacity as CEO and director of
LEGAMZOOM INC.;

OBJECTION TO THE COURT'S DISMISSAL ORDER

TODD GLORIA, in his official and individual capacity as Mayor of San Diego;

JOE LA CAVA, in his official and individual capacity as Council President;

KELLY A. MARTINEZ, in her official and individual capacity as Sheriff Coroner of San Diego;

SCOTT WAHL, in his official and individual capacity as Police Department leader;

TORRY PINE GLIDER PORT;

AIR CALIFORNIA ADVENTURE INC.;

ROBIN JOHN MARIEN;

JUNIOR;

UNITED STATES HANG GLIDING AND PARAGLIDING ASSOCIATION, USHPA;

UNITED STATES POWERED PARAGLIDING ASSOCIATION, USPPA;

UNITED STATES PARACHUTE ASSOCIATION, USPA;

NATIONAL AERONAUTICAL ASSOCIATION, NAA;

FÉDÉRATION AÉRONAUTIQUE INTERNATIONALE, FAI;

FEDERAL AVIATION ADMINISTRATION, FAA;

FEDERAL AVIATION ADMINISTRATION SAN DIEGO, FSDO;

FEDERAL AVIATION ADMINISTRATION LONG BEACH , FSDO;

OBJECTION TO THE COURT'S DISMISSAL ORDER

LEAH CATULLO, PPG PILOT, NAA &
USPPA, & FAI;

MARTIN PALMAZ, in his official and
individual capacity as former president of
USHPA;

CHRIS SANTACROCE, USHPA;

BILL HUGHES, USHPA;

ELENA FILONOVA, FAI;

AMY STEWART, NAA;

GREG PRINCIPATO, NAA & FAI;

DAVID MONKS, FAI;

RECREATION RISK RETENTION
GROUP, RRRG;

PROFESSIONAL AIR SPORTS
ASSOCIATION, PASA;

ALBERT BERCHTORD, USPA;

MICHAEL E. CINDRICH  #243731;

LAW OFFICES OF MICHAEL E.
CINDRICH APC;

STEVEN DAVID SILVERSTEIN #86466;

SILVERSTEIN EVICTION LAW;

MICHAEL PAYMAN KADE #200871;

LAW OFFICES OF MICHAEL P. KADE,
APLC;

ERIC ROBERT HEDSTROM #181169;

MATTHEW TAYLOR VELA # 322441;

THE LAW OFFICE OF MATTHEW T.
VELA, PC;

OBJECTION TO THE COURT'S DISMISSAL ORDER

MARK J. MCGOWAN #208554;

THE LAW OFFICES OF MARK J. MCGOWAN;

PAYMON BIDARI #194399;

BIDARI CIVIL DEFENSE, P.C.;

JONATHAN WESLEY BIRDT #183908;

SAYAN ABOUDI # 317292;

LIONSGATE LAW GROUP, APC;

JACOB ORR REBHUN ESQ #245618;

SARAH LEE OVERTON #163810;

CUMMINGS MCCLOREY DAVIS & ACHO;

MATTHEW LAWRENCE GREEN #227904;

BEST BEST & KRIEGER LLP;

S. FRANK HARRELL # 133437;

G. CRAIG SMITH # 265676;

LACEY NICOLE SIPSEY #321297;

KYLE A. SCHIFFMAN # 337513;

LYNBERG & WATKINS, APC;

MITCHELL DAVID DEAN #128926;

GAZZO & ROISTACHER LLP;

MARY SAHAR IZADI #233698;

OBJECTION TO THE COURT'S DISMISSAL ORDER

KAMBIZ IZADI #216076;

DARREN J WELSH #210431;

ANTOINE DEMARCOS WILLIAMS #255716;

ARASH SEYED ARABI #228813;

MORGAN HALLIE STIEFEL #283489;

RANHEE LEE #330979;

ANTOINE DEMARCOS WILLIAMS #255716;

WILLIAMS AND SEEMAN, ALPC;

MONA DELDAR #231393;

DELDAR LEGAL;

CALIFORNIA COURT, JUDICIAL BRANCH OF CALIFORNIA;

CA COMMISSION ON JUDICIAL PERFORMANCE;

U.S. ATTORNEY PUBLIC CORRUPTION AND CIVIL RIGHTS DEPARTMENT

CA LEGISLATIVE;

CA STATE ASSEMBLY;

CHRIS POON CHAN, in his official and individual capacity as Associate Governmental Program Analyst of the California Department of Fair Employment and Housing;

JAMES CORTES, in his official and individual capacity as the California Department of Fair Employment and Housing, Supervisor;

OBJECTION TO THE COURT'S DISMISSAL ORDER

TERESA VARGAS-PATTERSON, in his official and individual capacity as Staff Services Manager I, California Civil Rights Department, formerly Department of Fair Employment and Housing;

CALIFORNIA BAR ASSOCIATION;

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING;

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT;

CA FIRE DEPARTMENT;

DEPARTMENT OF JUSTICE HEADQUARTERS;

CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT, EDD;

NANCY FARIAS, in her official and individual capacity as EDD Director;

QUINN BUNIEL, in his official and individual capacity as EDD Deputy Director of Legislative Affairs;

RON HUGHES, in his official and individual capacity as EDD Deputy Director of EDDNext Modernization;

CAROL D. WILLIAMS, in her official and individual capacity as EDD Chief Deputy Director of Operations;

STATE OF PHARMACY, UNEMPLOYMENT INSURANCE APPEAL BOARD, CUIAB;

MICHAEL ALLEN, in his official and individual capacity as Board Chair, CUIAB;

OBJECTION TO THE COURT'S DISMISSAL ORDER

LAURA KENT-MONNING, in her official and individual capacity as Vice Chair CUIAB;

MICHAEL ENG, in his official and individual capacity as an employee of CUIAB;

RICHARD D. ROTH, in his official and individual capacity as an employee of CUIAB;

ROBERT WIECKOWSKI, in his official and individual capacity as an employee of CUIAB;

CALIFORNIA SECRETARY OF STATE;

SOPHIA AZAR, in her official and individual capacity as California State Athletic Commission;

PETER VILLEGAS, in his official and individual capacity as Chair of the California State Athletic Commission;

CALIFORNIA STATE ATHLETIC COMMISSION;

DR. VERNON WILLIAMS, in his official and individual capacity as California State Athletic Commission;

DR. ANNMARIA DE MARS, in his official and individual capacity as a Commissioner for the California State Athletic Commission (CSAC);

RONALD FIORE, in his official and individual capacity as California State Athletic Commission;

OBJECTION TO THE COURT'S DISMISSAL ORDER

CHRIS GRUWELL, in his official and individual capacity as Commissioner of the California State Athletic Commission;

DOUG HENDRICKSON, in his official and individual capacity as Commissioner of the California State Athletic Commission;

SCOTT WETCH, in his official and individual capacity as Commissioner of the California State Athletic Commission;

ANDY FOSTER, in his official and individual capacity as Executive Officer of the California State Athletic Commission;

STATE OF HAWAII;

ROBERT K.S. KIM, in his official and individual capacity as the Presiding Judge of the Third Circuit Court (Hawaii County);

U.S. ATTORNEY AND DISTRICT ATTORNEY OF HAWAII;

CITY AND COUNTY OF HONOLULU;

DAVID MATHEW HERZOG;

LUCY ANNE HERZOG;

FREDERICK BANDACK;

KATHLEEN SANCHEZ COMM # 2206017;

DAMON KEY LEONG KUPCHAK HASTERT;

DOUGLAS C. SMITH;

BEVERLYN SIMINA;

LINDA J. GLADSON-ELFIQHI COMM # 2288757;

OBJECTION TO THE COURT'S DISMISSAL ORDER

LOGIX FEDERAL CREDIT UNION
BANK;

JASON NATELSON, in his official and
individual capacity as Vice President, Legal
Affairs/Corporate Counsel of Logix Federal
Credit Union;

PARVIZ ANSARI;

DIEGO MORENO, in his official and
individual capacity as Financial Services
Officer, Logix Federal Credit Union;

TRAVIS FOYLE, WEBRATRON;

WEBRATRON, a web developer company;

RAFFI ARMEN BAHADARIAN, in his
official and individual capacity as LA Sheriff
detective;

ROBERT G. LUNA, in his official and
individual capacity as LA Sheriff
Department;

LA DISTRICT ATTORNEY;

NATHAN HOTCHMAN, in his official and
individual capacity as LA District Attorney
Leader;

MICHAEL ALBANESE, in his official and
individual capacity as LA Chief, Burbank
Police Department;

DOMINIC CHOI, in his official and
individual capacity as the LA Chief of Police
Department,

SERGEANT ANTHONY VIRZI, in his
official and individual capacity as the LA
Burbank Police Department, Internal Affairs
Bureau;

OBJECTION TO THE COURT'S DISMISSAL ORDER

DON J. BURT,  ID # 13876, in her official and individual capacity as LA Burbank Police Officer;

REALTOR DARLA STUART DRE # 02077162;

PAYAM KADE, PSYCHOLOGIST;

MEHRANGIZ SHAHANIAN;

CYRUS DJAN, AKA MOHAMMADEBRAHIM DARAKHSHANI JAN;

SOLMAZ DERAKHSHANI JAN;

YASHAR DERAKHSHANI JAN;

MANIA SABOUR;

MEHDI SABOUR;

SAHAR POORHASHEMI;

MAHBOUNEH SADAT HASHEMI SHEIKHSHABANI ;

MAHNAZ BAHAELOU;

KAMBAKHSH REZAI;

ESMAIL M. NABI, OWNER OF CASPIAN MEDITERRANEAN KITCHEN;

CASPIAN MEDITERRANEAN KITCHEN;

CHARANIA HOLDINGS LLC;

MARJAN SHAHANIAN;

SAEID DERAKHSHAN HOORAH;

MASHIA GHODS;

MANZAR KIA;

OBJECTION TO THE COURT'S DISMISSAL ORDER

MANOUCHEHR AMIDNAMIN;

MARZIEH AMIDNAMIN;

SABINA AMIDNAMIN;

DARA KHOSROWSHAHI, in his official and individual capacity as CEO of Uber;

ANNE HWANG, in her official and individual capacity as District Judge;

ANN MARIE MCIFF ALLEN, in her official and individual capacity as District Judge;

DALE A. KIMBALL, in his official and individual capacity as District Judge;

ROBERT J. SHELBY, in his official and individual capacity as District Judge;

DAPHNE A. OBERG, in his official and individual capacity as District Magistrate Judge;

SCOTT W. SKAVDAHL, in his official and individual capacity as District Judge;

JASON SHAW, in his official and individual capacity as Police Sergeant at Clayton Police Department;

CVS HEALTH INC.;

STEVEN C. MONTI, in his official and individual capacity as an employee of CVS Health Inc.;

JASMIN PATEL, in his official and individual capacity as an employee of CVS Health Inc.;

JUDITH RICHTER, in his official and individual capacity as an employee of CVS Health Inc.;

OBJECTION TO THE COURT'S DISMISSAL ORDER

NOLAN LO, in his official and individual capacity as an employee of CVS Health Inc.;

SEUNG W. OH, PHARM. D., in his official and individual capacity as CA Board of Pharmacy President;

ANNE SODERGREN, in her official and individual capacity as the Executive Officer of the Board of Pharmacy, Department of Consumer Affairs;

KAREN R. DENVIR, in her official and individual capacity as Supervising Deputy Attorney General;

KATELYN E. DOCHERTY, in her official and individual capacity as Deputy Attorney General State Bar No. 322028;

KATHERINE SILL, in her official and individual capacity as Former Inspector of the California State Board of Pharmacy;

ZACHARY A. CUNHA, in his official and individual capacity as U.S. Attorney;

SARA MIRON BLOOM, in her official and individual capacity as Assistant United States Attorney, RI;

KEVIN LOVE HUBBARD, in his official and individual capacity as Assistant United States Attorney, RI;

RACHNA VYAS, in his official and individual capacity as Assistant United States Attorney, RI;

JESSICA D. ABER, in her official and individual capacity as United States Attorney for the Eastern District of Virginia;

OBJECTION TO THE COURT'S DISMISSAL ORDER

JOHN E. BEERBOWER, in his official and individual capacity as Special Assistant U.S. Attorney, VA;

CLARE E. CONNORS, in her official and individual capacity as United States Attorney for the District of Hawaii ;

SYDNEY SPECTOR, in her official and individual capacity as Special Assistant U.S. Attorneys, HI;

TRACY J. WEINSTEIN, in her official and individual capacity as Special Assistant U.S. Attorneys, HI;

DAMIEN DIGGS, in his official and individual capacity as United States Attorney for the Eastern District of Texas;

ADRIAN GARCIA, in his official and individual capacity as Special Assistant U.S. Attorneys,TX;

JAMES GILLINGHAM, in his official and individual capacity as Special Assistant U.S. Attorneys,TX;

BRIAN M. BOYNTON, in his official and individual capacity as Principal Deputy Assistant Attorney General, D.C.;

BURDEN H. WALKER, in his official and individual capacity as Acting Deputy Assistant Attorney General, Civil Division;

AMANDA N. LISKAMM, in her official and individual capacity as Director;

LISA K. HSIAO, in her official and individual capacity as Senior Deputy Director, Civil Litigation;

OBJECTION TO THE COURT'S DISMISSAL ORDER

AMY L. DELINE, in her official and individual capacity as Assistant Director;

C.B. BUENTE, in his official and individual capacity as Assistant Director;

DONALD LORENZEN, in his official and individual capacity as Senior Litigation Counsel;

BEN CORNFELD;

AMANDA K. KELLY, in her official and individual capacity as Trial Attorney, United States Department of Justice, Consumer Protection Branch;

MICHAEL GRANSTON, in his official and individual capacity as Deputy Assistant Attorney General;

JAMIE A. YAVELBERG, in his official and individual capacity as Director;

NATALIE A. WAITES, in her official and individual capacity as Assistant Director;

CLAIRE L. NORSETTER; in her official and individual capacity as a Trial Attorney of the Justice Department's Civil Division and Assistant U.S. Attorney;

OSHUA BARON;

MEGAN F. ENGEL, in his official and individual capacity as a Trial Attorneys U.S. Department of Justice;

COMMERCIAL LITIGATION BRANCH, FRAUD SECTION;

WALGREENS CO;

WALGREEN CO;

OBJECTION TO THE COURT'S DISMISSAL ORDER

WALGREENS PHARMACY;

WALGREEN PHARMACY;

JERRY PIRA, in his official and individual capacity as a Walgreens employee;

VERONICA C., in her official and individual capacity as a Walgreens employee;

SHANIEKE NELSON, in her official and individual capacity as a Walgreens employee;

JOSE MORALES, CA, in his official and individual capacity as an Orange County Superior Court employee;

RICHARD AUGUSTINE, in his official and individual capacity as CA, Orange County Superior Court employee;

SALOUMEH YARAGHCHI;

L.A. MEDICAL BILLING NETWORKS LLC;

Dr. KAMYAR AMINI;

JOHNNY JASON ESCOBAR;

LORI ANNE KIM #245683;

MANUCHEHR KHOSHBIN, AKA MANI KHOSHBIN;

JOHN EUSTERMANN;

AMY NETERER;

HENDRIK VANDERLINDE, in his official and individual capacity as a former Rite Aid employee;

OBJECTION TO THE COURT'S DISMISSAL ORDER

RITE AID;

FIRST ADVANTAGE;

STERLING CHECK CORPORATION;

FIRST ADVANTAGE CORPORATION;

FIRST ADVANTAGE;

CHAPMAN UNIVERSITY;

JPMORGAN CHASE & CO;

JAMES DIMON, in his official and individual capacity as CEO of JPMorgan Chase & Co;

American Automobile Association, AAA;

GENE JEROME BOEHM, in his official and individual capacity as CEO of American Automobile Association, AAA;

ROCKPOINT FUNDING, LLC;

RAMTIN GHANEEIAN, in his official and individual capacity as Manager of ROCKPOINT FUNDING, LLC;

JOHN KOHAN, in his official and individual capacity as Manager of ROCKPOINT FUNDING, LLC;

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, ICE;

TODD LYONS, in his official and individual capacity as leader of Immigration and Customs Enforcement;

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, DHS;

OBJECTION TO THE COURT'S DISMISSAL ORDER

SONNY SANTIAGO, in his official and individual capacity as former Community Manager of The Arroyo at Baker Ranch;

STEVE GORDON, in his official and individual capacity as Director of the California Department of Motor Vehicles, DMV;

BENJAMIN YU, in his official and individual capacity as in his official capacity as a Lake Forest City Council Member;

MARK TETTEMER, in his official and individual capacity as former Lake Forest City Mayor and City Council Member;

DOUG CIRBO, in his official capacity as a Lake Forest City Mayor Pro Tem and City Council Member;

SCOTT VOIGTS, in his official and individual capacity as Lake Forest Mayor and City Council Member;

ROBERT PEQUEÑO, in his official and individual capacity as Lake Forest City Mayor;

BENJAMIN YU, in his official and individual capacity as a Lake Forest City employee;

SCOTT VOIGTS, Lake Forest City employee;

MARK TETTEMER, Lake Forest City employee;

DOUG CIRBO, Lake Forest City employee;

ROBERT PEQUEÑO, Lake Forest City employee;

MITCHELL DAVID DEAN #128926;

OBJECTION TO THE COURT'S DISMISSAL ORDER

DEAN GAZZO ROISTACHER LLP, LAW FIRM;

ALL ATTORNEYS OF DEAN GAZZO ROISTACHER LLP LAW FIRM;

DARIN D. SMITH, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS WYOMING U.S. ATTORNEY;

LACEY NICOLE SIPSEY #321297;

LYNBERG & WATKINS LAW FIRM;

ALL ATTORNEYS OF LYNBERG & WATKINS LAW FIRM;

ALEJANDRO MAYORKAS, in his official and individual capacity as Attorney and former United States Secretary of Homeland Security;

CALIFORNIA STATE SHERIFFS ASSOCIATION (CSSA);

ERIC ROBERT HEDSTROM #181169;

VIVIANA BECERRA, in her official and individual capacity as Chief of Staff (COS), Communication Department, External Affairs, and Legislative Affairs of the California Department of Justice;

DAMON BROWN, in his official and individual capacity as the Top deputy of the California Department of Justice;

ELEANOR BLUME, in his official and individual capacity as Special Assistant Attorney General of the California Department of Justice;

DANA WILLIAMSON, in his official and individual capacity as a former California Governor's assistant and CA DOJ employee;

OBJECTION TO THE COURT'S DISMISSAL ORDER

NATHAN BARANKIN, in his official and individual capacity as Chief of Staff and assistant to the California Governor's assistant and a California Department of Justice employee;

PLANET FITNESS INC;

PLA-FIT HOLDINGS LLC;

PFIP LLC;

PLANET FITNESS FRANCHISING LLC;

TALLON FAIR, PLANET FITNESS EMPLOYEE;

COLLEEN KEATING, in his official and individual capacity as CEO of Planet Fitness;

PAUL BARBER, in his official and individual capacity as Chief Information Officer of Planet Fitness;

BILL BODE, in his official and individual capacity as Chief Operating Officer of Planet Fitness;

MCCALL GOSSELIN, in his official and individual capacity as Chief Corporate Affairs Officer of Planet Fitness;

CHIP OHLSSON, in his official and individual capacity as Chief Development Officer of Planet Fitness;

BRIAN POVINELLI, in his official and individual capacity as Chief Marketing Officer of Planet Fitness;

SARAH POWELL, in her official and individual capacity as General Counsel of Planet Fitness;

OBJECTION TO THE COURT'S DISMISSAL ORDER

JENNIFER SIMMONS, in her official and individual capacity as Chief Strategy Officer of Planet Fitness;

JAY STASZ, in her official and individual capacity as Chief Financial Officer of Planet Fitness;

THE KHOSHBIN CO., INC. (COMMERCIAL REAL ESTATE FIRM);

HUNTINGTON HARBOR PLAZA, LLC;

KHOSHBIN ORANGEWOOD PARTNERS LLC;

KHOSHBIN HILLSIDE LLC AND THE KHOSHBIN TOWER, LP;

BRIAN BARDIA ETEMAD #226520;

BRIAN ETEMAD;

FRED W. SLAUGHTER, in his official and individual capacity as a judge;

MONICA RAMIREZ ALMADANI, in her official and individual capacity as a judge;

TRACY ANN MILLER #185166, in her official and individual capacity as a former CA Orange County Assistant District Attorney

BIJAN DARVISH (SBN 308793);

LAW OFFICE OF BIJAN DARVISH;

JOHN D. BARNETT (SBN 56509);

LAW OFFICE OF JOHN D. BARNETT;

OBJECTION TO THE COURT'S DISMISSAL ORDER

THE RIVERSIDE SHERIFF'S CHARITIES, INC.;

NICHOLE WILKINSON, in her official and individual capacity as CFO of THE RIVERSIDE SHERIFF'S CHARITIES, INC.;

RUTH ANDREWS, in his official and individual capacity as Secretary of THE RIVERSIDE SHERIFF'S CHARITIES, INC.;

CHAD BIANCO, in his official and individual capacity as CEO of THE RIVERSIDE SHERIFF'S CHARITIES, INC..;

ROSE PERKINS, in her official and individual capacity as former CFO of THE RIVERSIDE SHERIFF'S CHARITIES, INC.;

MUNA BUSAILAH, in her official and individual capacity related to the THE RIVERSIDE SHERIFF'S CHARITIES, INC.;

 MUNA BUSAILAH #166328, Attorney THE RIVERSIDE SHERIFF'S CHARITIES, INC.;

 STONE BUSAILAH LLP;

DENISE BIANCO, wife of Riverside County Sheriff-Coroner Chad Bianco;

RICHARD ALLEN GRENELL, in his official and individual capacity as Special Presidential Envoy for Special Missions of the United States;

MARCO ANTONIO RUBIO, in his official and individual capacity as United States Secretary of State;

OBJECTION TO THE COURT'S DISMISSAL ORDER

TODD WALLACE BLANCHE, in his official and individual capacity as United States Deputy Attorney General;

MARKWAYNE MULLIN, in his official and individual capacity as U.S. Senator for Oklahoma;

ELON REEVE MUSK, in his official and individual capacity as CEO of Tesla, CEO/CTO of SpaceX, and owner of X;

STEVE GORDON, aka STEVEN P. GORDON, in his official and individual capacity as Director of the California Department of Motor Vehicles (DMV);

EDWARD D. SWENSON, in his official and individual capacity as the Chief Deputy Director of the California Department of Motor Vehicles (DMV);

AJAY GUPTA, in his official and individual capacity as Chief Digital Transformation Officer of the California Department of Motor Vehicles (DMV);

JUAN FRANCISCO CORNEJO, in his official and individual capacity as Chief Counsel and Deputy Director of the Legal Affairs Division of the California Department of Motor Vehicles (DMV);

ROBERT CROCKETT, in his official and individual capacity as the department's Administrative Services Deputy Director of the California Department of Motor Vehicles (DMV);

LANCE EVERETT, in his official and individual capacity as First Chief Data Officer of the California Department of Motor Vehicles (DMV);

OBJECTION TO THE COURT'S DISMISSAL ORDER

SONIA HUESTIS, in her official and individual capacity as Deputy Director of the Customer Services Division of the California Department of Motor Vehicles (DMV);

CHRISTINA MICHEL, in her official and individual capacity as Chief of Investigations/Deputy Director of the California Department of Motor Vehicles (DMV);

PRASHANT MITTAL, in his official and individual capacity as Chief Information Officer of the California Department of Motor Vehicles (DMV);

CARLOS SOLIS, in his official and individual capacity as Field Operations Deputy Director of the California Department of Motor Vehicles (DMV);

BERNARD C. SORIANO, in his official and individual capacity as Policy Deputy Director of the California Department of Motor Vehicles (DMV);

EVA SPIEGEL, in her official and individual capacity as Deputy Director of Communications/Public Affairs of the California Department of Motor Vehicles (DMV);

BARRY STEINHART, in his official and individual capacity as Deputy Director of Legislative Affairs of the California Department of Motor Vehicles (DMV);

SERENITY THOMPSON, in his official and individual capacity as Deputy Director of Digital Services of the California Department of Motor Vehicles (DMV);

TRINA WASHINGTON, in her official and individual capacity as Deputy Director of Operations of the California Department of Motor Vehicles (DMV);

OBJECTION TO THE COURT'S DISMISSAL ORDER

MATTHEW J. PARLOW, in his official and individual capacity as President of Chapman University;

DANIELE C. STRUPPA, in his official and individual capacity as Former President of Chapman University;

RONALD P. JORDAN, in his official and individual capacity as Founding Dean of the Chapman University School of Pharmacy (CUSP);

DINA EL-TAWANSY, in his official and individual capacity as Director of the California Department of Transportation (Caltrans);

SEAN PATRICK DUFFY, in his official and individual capacity as United States Secretary of Transportation;

RICARDO LARA, in his official and individual capacity as Insurance Commissioner for the California Department of Insurance;

STEWART KNOX, in his official and individual capacity as the Secretary of the California Labor & Workforce Development Agency (LWDA);

LORI CHAVEZ-DEREMER, in his official and individual capacity as the United States Secretary of Labor;

YOUNG KIM, in her official and individual capacity as U.S. Representative for California;

GOVERNMENT OF CANADA;

DEPARTMENT OF JUSTICE CANADA;

CANADA BORDER SERVICES AGENCY;

OBJECTION TO THE COURT'S DISMISSAL ORDER

CANADIAN SECURITY INTELLIGENCE SERVICE;

PUBLIC SAFETY CANADA;

SUPREME COURT OF CANADA (SCC);

GLOBAL AFFAIRS CANADA;

FEDERAL COURT OF CANADA;

UNITED STATES CONGRESS;

UNITED STATES CONGRESS MEMBERS SINCE 2023;

UNITED STATES SENATE;

UNITED STATES SENATE MEMBERS SINCE 2023;

META PLATFORMS, INC., FACEBOOK, INSTAGRAM;

MARK ZUCKERBERG, in his official and individual capacity as CEO of Meta Platforms, Inc.;

TERRI FLYNN-PEISTER, in her official and individual capacity as Assistant Presiding Judge;

MINDY SHERWOOD, in her official and individual capacity as Permits Section Head of the County of Los Angeles Department of Beaches and Harbors;

Association of National Olympic Committees (ANOC);

National Olympic Committees (NOCs);

International Olympic Committee (IOC);

United States Olympic & Paralympic Committee (USOPC);

OBJECTION TO THE COURT'S DISMISSAL ORDER

KIRSTY COVENTRY, in her official and individual capacity as President of the International Olympic Committee (IOC);

GENE SYKES, in his official and individual capacity as the Chair/President of the board of USOPC;

SARAH HIRSHLAND, in her official and individual capacity as the CEO of USOPC;

ROBIN MITCHELL (Fiji), in his official and individual capacity as President of the Association of National Olympic Committees (ANOC);

CASEY WASSERMAN, in his official and individual capacity as The LA28 Chairperson.

GREGORY A. PHILLIPS, in his official and individual capacity as Judge, U.S. Court of Appeals for the Tenth Circuit;

PAUL J. KELLY, JR, in his official and individual capacity as Judge, U.S. Court of Appeals for the Tenth Circuit;

RICHARD E. N. FEDERICO, in his official and individual capacity as Judge, U.S. Court of Appeals for the Tenth Circuit;

JACK CLARK, Admin of the Paramotor page on Facebook;

NIMA SOLEIMANY;

GREGG ALLEN PHILLIPS, in his official and individual capacity as head of the Office of Response and Recovery in the Federal Emergency Management Agency (FEMA);

Federal Emergency Management Agency (FEMA);

OBJECTION TO THE COURT'S DISMISSAL ORDER

MARCO ANTONIO RUBIO, in his official and individual capacity as the United States Secretary of State.

**TO COURT:**

Plaintiff Dr. Sanaz Derakhshani Jan submits the following response and objection to the Court's dismissal order:

1. The Court's dismissal of this action was premature and entered before any meaningful investigation, discovery process, evidentiary review, or due process protections were allowed to proceed in this RICO action with a criminal nature and allegations involving systemic corruption, retaliation, obstruction of justice, threats, and constitutional violations. Plaintiff respectfully objects to the characterization of this matter as "frivolous" because the Court reached conclusions regarding credibility and plausibility without reviewing the underlying evidence, documents, communications, recordings, witnesses, and materials that Plaintiff expressly explained could not yet be publicly disclosed due to safety concerns, ongoing retaliation, and risk of destruction of evidence.

2. This is not a normal civil dispute. This action concerns allegations of organized misconduct, retaliation, conspiracies, threats, corruption, obstruction of justice, and violations of constitutional, statutory, and civil rights under the United States Constitution and federal law, including but not limited to claims arising under 18 U.S.C. §§ 1961–1968, 42 U.S.C. § 1983, 42 U.S.C. §§ 1985–1986, and related authorities. Plaintiff repeatedly informed the Court that public disclosure of the complete factual record at the initiation stage would jeopardize the safety of Plaintiff, witnesses, and evidence,

OBJECTION TO THE COURT'S DISMISSAL ORDER

especially where many defendants allegedly operate within governmental systems and have access to records, communications, and institutional mechanisms capable of altering, deleting, concealing, or manipulating evidence.

3. The Court improperly treated Plaintiff's intentional limitation of publicly disclosed facts as a failure to possess facts. Those are not the same thing. Plaintiff never stated that evidence does not exist. To the contrary, Plaintiff repeatedly stated that substantial evidence, documents, communications, records, and supporting materials exist and will be presented at the appropriate stage after protective procedures, investigative involvement, and due process safeguards are established.

4. Plaintiff further objects to the Court's reliance on Rule 8 in a manner that effectively prevents the preservation of evidence and protection of safety in a case alleging retaliation, intimidation, and life-threatening conduct and has a criminal nature, not a civil one. Rule 8 was not intended to force a plaintiff alleging organized criminal conduct and systemic corruption to publicly disclose every detail of evidence before protective measures, investigations, or procedural safeguards exist. The Court willfully and knowingly ignored the unique and extraordinary nature of the allegations and instead applied ordinary pleading assumptions to a case that Plaintiff expressly stated involves criminal enterprise activity, obstruction concerns, retaliation, and fear of evidence destruction.

5. Plaintiff also objects to the Court making factual determinations regarding plausibility and credibility without conducting any evidentiary hearing, permitting amendment, allowing sealed submissions, allowing in camera review, or considering protective alternatives. The Court concluded the

allegations were "irrational" and "wholly incredible" without ever reviewing the evidence Plaintiff repeatedly referenced. Such conclusions improperly invade factual determinations that should not be resolved at the pleading stage, where evidence has not yet been presented.

6. Additionally, the dismissal without permitting amendment or a protected filing procedure deprived Plaintiff of due process and meaningful access to the Court under the First, Fifth, and Fourteenth Amendments. Plaintiff specifically explained the reasons additional factual detail could not yet be publicly disclosed and requested procedural protection because of threats, retaliation, and fear of destruction of evidence. Instead of considering less restrictive alternatives, including sealed filings, protective orders, or in camera submissions, the Court willfully terminated the action entirely and worked in favor of the defendant, exactly acting like defense attorneys to dismiss a RICO Act case with a criminal nature, which this act of court and judge is a serious crime.

7. The Court willfully and knowingly further ignored the reality that many allegations involve public officials, government actors, and institutional crimes and misconduct. Plaintiff alleges that numerous defendants possess influence, authority, and access capable of interfering with evidence, intimidating witnesses, or retaliating against Plaintiff. Plaintiff's concern regarding premature disclosure was therefore directly connected to preservation of evidence and safety, not an absence of factual support. Crimes happened in this case, not one time, numerous times, and the plaintiff held hundreds of pieces of evidence and documents to prove all crimes by guilty and corrupt defendants.

OBJECTION TO THE COURT'S DISMISSAL ORDER

8. Plaintiff also objects to any implication that the Court, at the screening stage under 28 U.S.C. § 1915, may substitute itself for investigators, prosecutors, or fact-finders in determining whether criminal conduct could exist where evidence has not yet been reviewed. The screening statute does not authorize dismissal merely because allegations are serious, extensive, politically sensitive, or involve large numbers of defendants and the majority of them are government officials. Nor does it authorize the Court to dismiss solely because Plaintiff seeks to protect evidence and safety before disclosure.

9. Moreover, Plaintiff respectfully asserts that judicial neutrality and impartiality are essential under 28 U.S.C. §§ 144 and 455, and Plaintiff believes the dismissal reflects prejudice against the nature of the allegations rather than an objective legal evaluation of evidence that has not yet been presented. Plaintiff further references 28 U.S.C. § 454 regarding judicial conduct and impartiality obligations in matters involving conflicts, prejudice, or improper alignment with parties.

10. The Court also failed to consider that pro se pleadings must generally be liberally construed. Instead of construing the pleading liberally, the Court adopted the harshest possible interpretation, characterized the allegations as irrational without reviewing evidence, and denied any opportunity for protected amendment or clarification.

11. Plaintiff respectfully maintains that there are substantial factual grounds, evidence, witnesses, communications, records, and supporting materials underlying this action. Plaintiff intentionally withheld public disclosure of many details because of safety risks, retaliation concerns, threats, obstruction concerns, and fear of destruction or manipulation of evidence. Plaintiff's

OBJECTION TO THE COURT'S DISMISSAL ORDER

effort to preserve evidence and safety should not be converted into grounds for dismissal.

12. The Court willfully acted as though it were serving the interests of the defendants and defense attorneys rather than acting as a neutral judicial authority. The Court willfully dismissed the case prematurely and without evidence, investigation, searches, hearings, discovery, or review of the underlying documents and materials. The Court willfully issued a judgment without reviewing the evidence or allowing the proper investigative procedures to begin. The Court should ask why a citizen of the United States would open a RICO Act lawsuit against government officials and numerous defendants alleging serious corruption, retaliation, constitutional violations, and criminal conduct. Serious crimes have occurred, and Plaintiff filed this lawsuit because of those crimes and violations.

13. The Court is not an investigator, prosecutor, or federal investigative agency and does not possess the role or authority of the FBI, U.S. Attorney, Department of Justice, Office of Inspector General, or other federal investigative authorities. The Court willfully made conclusions at the very beginning of the case without any completed investigation, factual review, evidentiary hearing, or discovery process. That is precisely why the government has federal agencies, investigators, prosecutors, and oversight authorities to investigate matters involving corruption, retaliation, constitutional violations, organized misconduct, and criminal activity, especially by its corrupt employees and officials. After those authorities complete their investigations and duties, the matter may proceed through judicial process, due process, trial procedures, and final adjudication. When a United States citizen files a lawsuit involving the United States government,

OBJECTION TO THE COURT'S DISMISSAL ORDER

government officials, and hundreds of defendants, it indicates that serious crimes, misconduct, corruption, retaliation, or violations have occurred. Plaintiff would not initiate such an action without believing that substantial evidence and documentation support the allegations. Plaintiff possesses extensive evidence and documents concerning the defendants and the conduct alleged in this action, and the RICO pattern is completely ready, but not at this stage, and without protection. Plaintiff further believes the involvement of the U.S. Attorney in seeking dismissal demonstrates the seriousness of the allegations and the potential exposure of crimes, corruptions, and misconduct raised in the complaint.

14. Plaintiff objects to the Court characterizing this matter as "frivolous." Plaintiff believes the Court willfully used language that improperly discredited the case without reviewing the evidence, facts, records, claims, witnesses, communications, and materials that Plaintiff repeatedly stated would be provided at the appropriate time through protected procedures. Plaintiff alleges that serious crimes, corruption, retaliation, threats, and constitutional violations occurred. Plaintiff further contends that injustice, abuse of authority, corruption, misuse of government resources, retaliation against citizens, obstruction of rights, and violations of public trust are matters that deserve scrutiny and accountability under the law. Plaintiff believes it was improper to dismiss the matter as frivolous without permitting the evidentiary and investigative process to proceed in a RICO complaint with a criminal nature.

15. The Court stated that defendants were grouped or appeared random, but Plaintiff maintains that every defendant named in the RICO action was included based on alleged facts, conduct, relationships, communications,

transactions, or involvement connected to the claims and alleged misconduct. Plaintiff specifically references defendants, including Pamela Jo Bondi, Bilal Ali Essayli, Todd Allan Spitzer, Donald D. Barnes, Planet Fitness, Kevin Vert, Kevin Jeffrey Vert, Linda L Hurd, Chad Bianco, Maziar Izadi, Sahar Mary Izadi, Brian Brdia Etemad, Manouchehr Khoshbin, Andrew Hoang Do, Michael Angel Hestrin, and other defendants Plaintiff alleges are connected to the claims and conduct described in the complaint. Many of these defendants have already been convicted of different types of felonies and have criminal backgrounds. Why did the court and the judge not mention them and close their eyes to cover their crimes and commit a violation of the plaintiff's rights and due process? Plaintiff maintains that substantial evidence and documentation exist regarding the alleged conduct and that dismissal before investigation, discovery, or evidentiary review was premature. This judge will be added to the RICO members and must be held accountable by law for this volume of violations and serious crimes to support criminals and violators. The United States of America is not a jungle where everyone does whatever they please and misuse thier job and titles. This country has law, and no one is above the law. You know what you have done to the plaintiff is a serious crime.

16. Plaintiff further alleges that obstruction of justice and denial of due process occurred when the case was dismissed before investigative procedures, evidentiary review, hearings, or factual development could occur. Plaintiff contends that citizens should be able to report alleged crimes, corruption, retaliation, and constitutional violations without fear of intimidation or dismissal before evidence is heard. Plaintiff asserts that the purpose of this action is to seek legal redress, accountability, protection of rights, and enforcement of constitutional and statutory protections after Plaintiff allegedly

experienced retaliation, threats, harassment, and violations of rights numerous times.

17. Violation of the plaintiff's rights is equal to violating and directly causing irreparable damage and harm to national assets and interests, and every single day that judicial mafia and RICO members continue these stupid and low-IQ organized crimes against the plaintiff will lead to death, injuries, paralysis of athletes, and consequences affecting their families' lives, the health system, public safety, security, and many more, because the plaintiff is one of the leaders of sports nationwide and worldwide, and RICO members and the corrupt judicial mafia cannot stop or control 9,100 criminal RICO Act lawsuits, and the result of all these criminal actions by defendants and mafia members is prosecution by law. No one is above the law.

18. Accordingly, Plaintiff requests that the **dismissal order be vacated**, that the case be reopened, that Plaintiff be permitted to proceed through protected procedures, including sealed filings and protective measures where necessary, and that Plaintiff be allowed an opportunity to submit additional factual materials through secure and appropriate channels consistent with due process and safety concerns. Plaintiff further requests reassignment where appropriate to preserve public confidence in impartial adjudication and requests that no further merits determination occur before Plaintiff has a meaningful opportunity to present evidence and protected submissions.

DATED: May 13, 2026

/s/    Dr. SANAZ DERAKHSHANI JAN

Plaintiff / Pro Se

OBJECTION TO THE COURT'S DISMISSAL ORDER